PEDRO W. RODRÍGUEZ, peticionario y apelado, *v.* HIPÓLITO GONZÁLEZ, en su carácter de alcalde municipal de Arroyo, Puerto Rico, demandado y apelante.

No. 5310.—*Sometido:* Diciembre 23, 1930.—*Resuelto:* Enero 16, 1931.

*Arcilio Alvarado*, abogado del apelante; *R. López Antongiorgi*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El alcalde del municipio de Arroyo, Hipólito González, separó a Pedro W. Rodríguez del cargo que desempeñaba en dicho municipio como Inspector de Pesas y Medidas, Encargado de la propiedad y Lector de contadores, pero por un procedimiento de *mandamus* la Corte de Distrito de Guayama ordenó al alcalde en 8 de enero de 1930 que repusiera a dicho empleado en su cargo.

Cuando el alcalde fué requerido para que cumpliese dicha orden compareció ante la corte manifestando por escrito y

bajo juramento que la Asamblea Municipal de Arroyo había aprobado en 30 del mismo enero una ordenanza para reajustar su presupuesto en cumplimiento de orden del Contador de Puerto Rico, y que de acuerdo con ella no existe ya en dicho municipio el cargo de Inspector de Pesas y Medidas, Encargado de la propiedad y Lector de Contadores por haber sido abolido o desintegrado (*sic*), por lo que solicitó se le eximiera de cumplir la orden de restitución a Rodríguez en ese cargo.

Al ser vista esa moción aceptó la parte contraria como ciertos todos los hechos que ella contiene y la corte la resolvió disponiendo que el alcalde cumpliese la orden de restitución a Rodríguez en el cargo de que había sido separado. Contra esta resolución dictada después de la sentencia recaída en el procedimiento de *mandamus* es que se ha interpuesto esta apelación por el alcalde. El apelado no ha comparecido ante nosotros a impugnar este recurso.

No se presentó en la corte inferior, y por tanto no forma parte de la exposición del caso aprobada por dicho tribunal para esta apelación, la ordenanza de 30 de enero a que se refirió el apelante en su moción como que abolió o desintegró (*sic*) el cargo que ocupaba el apelado cuando fué separado de él. Por consiguiente, todo lo que tuvo el tribunal inferior ante sí para dictar la resolución que ha sido apelada, y tenemos nosotros para resolver este recurso, es la moción jurada del apelante en la que expone el motivo por el cual no puede cumplir la orden disponiendo que restituya a Rodríguez en el cargo de que fué separado y la aceptación por el apelado de la certeza de los hechos de esa moción, por lo que se debe tener como cierto que el cargo que ocupaba el apelado fué abolido o desintegrado.

Habiendo abolido la Asamblea Municipal de Arroyo el cargo que antes ocupaba el apelado se hace imposible para el apelante reponer a Rodríguez en un cargo que no existía en aquel municipio cuando su alcalde fué requerido para que.

cumpliese la orden de *mandamus;* y la misma situación existe si al decir la moción que el cargo fué desintegrado expresa que fueron suprimidos algunos de los deberes que antes tenía porque resultaría un cargo distinto al anterior.

Por lo expuesto *la resolución apelada debe ser revocada y dictarse otra eximiendo al apelante del deber en que estaba de restituir al apelado en el cargo que desempeñó en el municipio de Arroyo.*